IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VENTURE HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:16cv686-MHT |
| | ) | |
| STATE OF ALABAMA | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION of the MAGISTRATE JUDGE**

Plaintiff Venture Harrison ("Plaintiff" or "Harrison") filed a Complaint on July 25, 2016, in the Circuit Court of Montgomery County. Harrison asserts federal constitutional claims and state law claims against the State of Alabama Department of Corrections and Defendants Jefferson S. Dunn, Carter Davenport, Karen Carter, Donald Lukima, and Christopher Smith relating to his imprisonment in the St. Clair Correctional Facility.

On August 22, 2016, the defendants removed this case from the Montgomery County Circuit Court to the United States Court for the Middle District of Alabama pursuant to 28 U.S.C. §1441 and 1446, alleging that this court has jurisdiction over this case pursuant to its federal question jurisdiction, 28 U.S.C. § 1331.

On August 22, 2016, the defendants filed a Motion to Transfer Venue, in which they assert that after removal to "the district court of the United State for the district and division embracing the place where such action is pending" pursuant to 28 U.S.C. § 1441(a), it is appropriate to seek a transfer of the matter to the proper district court based on the federal venue statutes. Specifically, the defendants assert that venue is more appropriate in the Northern

1

District of Alabama because all the actions about which Harrison complains occurred in St. Clair Correctional Facility.

In this case, there is no question that venue is proper in the Northern District of Alabama. All the actions about which Harrison complains are alleged to have occurred in the St. Clair Correctional Facility which is located in the Northern District of Alabama.  It appears that most, if not all, the witnesses that would be knowledgeable about this case are also located in the Northern District of Alabama.  None of the complained of events is alleged to have occurred in the Middle District of Alabama.  In addition, Plaintiff has filed nothing in opposition to the Motion to Transfer Venue.

Title 28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The court therefore concludes that the interest of justice demands that this case be transferred to the United States District Court for the Northern District of Alabama.

## CONCLUSION

Accordingly, it is the

RECOMMENDATION of the undersigned that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provision of 28 U.S.C. §1404(a).

Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before November 3, 2016.  Any objections filed must specifically identify the findings in the

2

Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of October, 2016.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE